



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 15, 2025**

_____
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VISION2SYSTEMS LLC | § | Case No. 25-40583-11 |
| | § | |
| Debtor. | § | |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO, INC. AS CLAIMS, NOTICING, AND SOLITICATION AGENT EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**") to employ Stretto, Inc. (the "**Agent**") as its claims, noticing, and solicitation agent of above-captioned debtor in this chapter 11 case; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Application, and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Application and the record of the hearing on such motion, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing, IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to employ the Agent under the terms of the Engagement Letter attached to the Application as modified by this Order.

3. The Agent is authorized and directed to perform the services as described in the Application, the Engagement Letter, and this Order. If a conflict exists, this Order controls.

4. The Agent may not sell bankruptcy data obtained through its role as the Agent to third parties.

5. The Clerk shall provide the Agent with Electronic Case Filing ("**ECF**") credentials that allow the Agent to receive ECF notifications and file certificates and/or affidavits of service.

6. The Agent is a custodian of court records and is designated as the authorized repository for all proofs of claim filed in these cases. The Agent shall maintain the official Claims Register in this case. The Agent must make complete copies of all proofs of claims available to the public electronically without charge. Proofs of Claims and all attachments may be redacted only as ordered by the Court.

7. The Agent shall provide the Clerk with a certified duplicate of the official Claims Register upon request.

8. The Agent shall provide (i) an electronic interface for filing proofs of claim in this chapter 11 cases and (ii) a post office box or street mailing address for the receipt of proofs of claim sent by United States Mail or overnight delivery.

9. The Agent is authorized to take such other actions as are necessary to comply with all duties and provide the Services set forth in the Application and the Engagement Letter.

10. The Agent shall provide detailed invoices setting forth the services provided, and the rates charged on a monthly basis to the Debtor, its counsel, the Office of the United States Trustee, counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices in writing.

11. The Agent shall not be required to file fee applications. Upon receipt of the Agent's invoices, the Debtor is authorized to compensate and reimburse Agent for all undisputed amounts in the ordinary course in accordance with the terms of the Engagement Letter. All amounts due to the Agent will be treated as § 503(b) administrative expenses.

12. The Debtor shall indemnify the Agent under the terms of the Engagement Letter, as modified and limited by this Order. Notwithstanding the foregoing, the Agent may only be indemnified for claims, noticing and solicitation agent activities and is not indemnified for, and may not receive any contribution or reimbursement with respect to the following:

    a. For matters or services arising before this chapter 11 case is closed, any matter or service not approved by an order of this Court.

    b. Unauthorized marketing activities or data or privacy breaches.

    c. Any matter that is determined by a final order of a Court of competent jurisdiction that arises from (i) the Agent's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty, (ii) a contractual dispute if the court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) any situation in which the Court determines that

  indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002). No matter governed by this paragraph may be settled without this Court's approval.

  d. This paragraph does not preclude the Agent from seeking an order from this Court requiring the advancement of indemnity, contribution, or reimbursement obligations in accordance with applicable law.

13. The Agent shall not cease providing services during this chapter 11 case for any reason, including nonpayment, without an order of the Court. In the event the Agent is unable to provide the Services set out in this Order and/or the Engagement Letter, the Agent will immediately notify the Clerk and the Debtor's attorney and cause all original proofs of claim and data turned over to such persons as directed by the Court.

14. After entry of an order terminating the Agent's services, upon the closing of this chapter 11 case, or for any other reason, the Agent shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, or as otherwise directed and shall be compensated by the Debtor for such archiving services.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Agent's services may be altered only on separate motion and further order of this Court.

### # # # END OF ORDER # # #

Submitted by:

*/s/ Alex S. Anderson*
Jason P. Kathman
Texas Bar No. 24070036
Alex S. Anderson
Texas Bar No. 24138084
Spencer Fane LLP
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: jkathman@spencerfane.com
Email: alanderson@spencerfane.com

**COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**